**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ESSEX INSURANCE COMPANY,

        Plaintiff,

v.                                                                                          Case No. 6:15-cv-486-Orl-37DAB

DIMUCCI DEVELOPMENT CORP. OF
PONCE INLET, INC.; and TOWERS
GRANDE CONDOMINIUM
ASSOCIATION,

        Defendants.

**ORDER**

This cause is before the Court on Plaintiff's Renewed Motion for Bifurcation of Discovery and Motion to Stay Proceedings with Respect to the Duty to Indemnify and Incorporated Memorandum of Law (Doc. 94), filed June 28, 2016.

In an underlying state court action, Towers Grande Condominium Association is suing Essex Insurance Company's ("**Essex**") insured—DiMucci Development Corp. of Ponce Inlet, Inc. ("**DiMucci**")—for negligence and breach of warranties ("**Underlying Action**"). (*See* Doc. 42-1.) The Underlying Action remains ongoing.

Essex initiated this federal action seeking a declaration that it does not have a duty to defend or indemnify DiMucci in the Underlying Action. (*See* Doc. 42.) Essex now moves the Court to: (1) bifurcate discovery with respect to the duty to defend and the duty to indemnify; and (2) stay the proceedings with respect to the determination of the duty to indemnify. (Doc. 94.) In its Motion, Essex represents that Defendants oppose the requested relief. (*Id.* at 15.) However, Defendants failed to file a memorandum of legal authority in opposition to the Motion as required by Local Rule 3.01(b), and their time to

do so has elapsed. Thus, the Court considers the Motion unopposed.

U.S. district courts within the U.S. Court of Appeals for the Eleventh Circuit routinely stay insurance actions with respect to the insurer's duty to indemnify until there has been: (1) a final determination of the insured's liability in the underlying state court action; or (2) a resolution regarding the insurer's duty to defend. *See, e.g.*, *Evanston Ins. Co. v. Gaddic Corp.*, 145 F. Supp. 3d 1140, 1153 (S.D. Fla. 2015); *Woodruff & Sons, Inc. v. Cent. Mut. Ins. Co.*, No. 8:12-cv-181-T-24, 2012 WL 695667, at *2 (M.D. Fla. Mar. 5, 2012); *N. Assur. Co. of Am. v. Custom Docks by Seamaster, Inc.*, NO. 8:10-cv-1869-T-27MAP, 2001 WL 117046, at *2 (M.D. Fla. Jan. 13, 2011); *see also Walker & Co. Gen. Contractors, Inc. v. Transcon. Ins. Co.*, No. 6:05-cv-1745-Orl-31KRS, 2007 WL 569855, at *1 (M.D. Fla. Feb. 20, 2007) (indicating that the district court "bifurcated the duty to defend issue and stayed the indemnity claim"); *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) (distinguishing the duty to defend from the duty to indemnify and the manner in which each duty is established).

As there has not yet been a final determination of DiMucci's liability in the Underlying Action, nor has this Court resolved the question of whether Essex has a duty to defend, Essex's potential duty to indemnify is not yet ripe for consideration. *See Northland Cas. Co.*, 160 F. Supp. 2d at 1360; *Am. Nat. Fire Ins. Co. v. M/C Seaboard Victory*, No. 08-21811-CIV, 2009 WL 812024, at *1 (S.D. Fla. Mar. 17, 2009); *see also Council v. Paradigm Ins. Co.*, 133 F. Supp. 2d 1339, 1341 (M.D. Fla. 2001) ("Therefore, if this Court finds that [the insurer] had no duty to defend, then [the insurer] had no duty to indemnify the insured []."). As such, a stay is warranted with respect to Essex's potential

duty to indemnify.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Renewed Motion for Bifurcation of Discovery and Motion to Stay Proceedings with Respect to the Duty to Indemnify and Incorporated Memorandum of Law (Doc. 94) is **GRANTED IN PART AND DENIED IN PART**.

    a. All proceedings related to Plaintiff's potential duty to indemnify Defendant DiMucci Development Corp. of Ponce Inlet, Inc. are **STAYED**.

    b. In all other respects, the Motion is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 2, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

---

[1] In the event that the duty to indemnify claim ripens, the Court will then entertain requests for additional discovery and further modifications to the schedule.