**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

EVANSTON INSURANCE COMPANY,

        Plaintiff,

v.                                                 Case No. 6:15-cv-486-Orl-37GJK

DIMUCCI DEVELOPMENT CORP. OF
PONCE INLET, INC.,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant/Counter-Plaintiff[] DiMucci Development Corporation of Ponce Inlet, Inc.'s[] Motion for Reconsideration of Order Granting Summary Judgment on Behalf of Evanston Insurance Company and Incorporated Memorandum of Law (Doc. 110), filed September 19, 2016; and

2. Plaintiff[] Evanston Insurance Company's Response in Opposition to DiMucci Development Corp. of Ponce Inlet, Inc.'s Motion for Reconsideration of Order Granting Summary Judgment on Behalf of Evanston Insurance Company and Incorporated Memorandum of Law (Doc. 111), filed October 3, 2016.

Upon consideration, the Court finds that the Motion is due to be conditionally granted.

In a state court action underlying the current proceedings, Towers Grande Condominium Association—on behalf of itself and a class of individual condominium owners—sued DiMucci Development Corporation of Ponce Inlet, Inc. ("**Insured**") and Wayne's Roofing and Sheet Metal ("**Subcontractor**") for negligence and breach of

warranties arising from construction defects to a condominium building ("**Underlying Action**"). The Underlying Action remains ongoing. Plaintiff in this declaratory judgment action—Essex Insurance Company[1] ("**Insurer**")—accepted defense of Insured in the Underlying Action under a reservation of rights. (Doc. 42-3.)

On September 13, 2016, the Court issued an Order granting Insurer's motion for summary judgment ruling that a policy exclusion—Your Work Exclusion—relieved Insurer of its duty to defend Insured. (Doc. 108 at pp. 22–23.) Insured then timely moved the Court to reconsider its ruling.[2] (Doc. 110.) Defendant responded (Doc. 111), and the matter is ripe for adjudication.

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993). "[T]he decision to grant such relief is committed to the sound discretion of the district judge . . . ." *Id.* at 806. "The Court's reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Mannings v. Sch. Bd. of Hillsborough Cty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Clear error or manifest injustice are sufficient grounds justifying the extraordinary remedy of reconsideration under Rule 59(e). *See Sussman v. Salem, Saxon & Nielsen,*

---

[1] Following a merger, Evanston Insurance Company ("**Evanston**") succeeded Essex Insurance Company ("**Essex**") in the latter's duty to defend and indemnify Insured. (Doc. 98, p. 2.) Accordingly, on September 1, 2016, the Court granted Essex's motion to substitute Evanston as Plaintiff. (Doc. 99.)

[2] On October 13, 2016, Insured filed a notice of appeal with the U.S. Court of Appeals for the Eleventh Circuit. (Doc. 112 ("**Notice**").) The Notice does affect the Court's jurisdiction regarding Insured's pending motion for reconsideration. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 60–61 (1982).

*P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (noting that while Rule 59(e) does not explicitly set forth grounds justifying reconsideration, courts have generally granted such relief under such circumstances). Reconsideration is appropriate under Rule 60(b) on the basis of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) void judgment; (5) satisfied judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Here, Insured asserts that: (1) the Court failed to consider the damages alleged to work performed by Subcontractor, which rendered the Your Work Exclusion inapplicable; and (2) Insurer failed to carry its burden to demonstrate, or even argue, the applicability of the Your Work Exclusion. (Doc. 110, pp. 4–8.) In response, Insurer counters that: (1) Insured has not met the requisite standard for reconsideration; and (2) the Court correctly applied the Your Work Exclusion because the only relevant alleged property damage in the State Court Complaint were damages caused by Insured's work—not Subcontractor's work—and, thus, are excluded under the Your Work Exclusion. (Doc. 111.)

Upon consideration, the Court requires additional information to determine whether Insured has met the requisite standard for reconsideration. In particular, in light of the insufficient briefing on the applicability of the Your Work Exclusion, the Court finds that additional briefing will benefit the Court in its ultimate resolution of the instant Motion. As such, the Motion is due to be conditionally granted and the Court's summary judgment order is due to be vacated. Therefore, the Court will direct the parties to submit additional briefing as to the applicability of the Your Work Exclusion. In addressing the Your Work Exclusion, the parties should provide briefing on whether the damages alleged on behalf

of the class of condominium owners and the damages alleged generally against Subcontractor impact the duty to defend analysis. Each party may submit a supplemental brief of no more than ten (10) pages.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant/Counter-Plaintiff[] DiMucci Development Corporation of Ponce Inlet, Inc.'s[] Motion for Reconsideration of Order Granting Summary Judgment on Behalf of Evanston Insurance Company and Incorporated Memorandum of Law (Doc. 110) is **CONDITIONALLY GRANTED** subject to the Court's consideration of the parties' forthcoming supplemental briefing.

2. The Court's Order (Doc. 108) and Judgment (Doc. 109) are **VACATED**.

3. The parties are **DIRECTED** to submit additional briefing consistent with terms of this Order on or before Tuesday, **November 8, 2016**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 20, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

4