UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVANSTON INSURANCE COMPANY,

        Plaintiff,

v.                                      Case No. 6:15-cv-486-Orl-37GJK

DIMUCCI DEVELOPMENT CORP. OF
PONCE INLET, INC.,

        Defendant.

## ORDER

Plaintiff Evanston Insurance Company ("**Evanston**") initiated this insurance coverage dispute seeking a declaratory judgment that it had no duty to defend its insured, Defendant DiMucci Development Corporation of Ponce Inlet, Inc. ("**DiMucci**"), in an underlying state court action ("**Underlying Action**") because, *inter alia*, DiMucci breached the insurance policies by allegedly failing to: (1) submit certificates of insurance in compliance with the independent contractors conditional endorsement ("**Count IX**"); and (2) cooperate with Evanston in the selection of defense counsel ("**Count X**"). (*See* Doc. 42, ¶¶ 77–80, 81–86.) DiMucci moved for summary judgment on both Counts. (*See* Doc. 69.)

On February 6, 2017, the Court entered an Order granting DiMucci's motion for summary judgment (Doc. 110), finding, *inter alia*, that Count X failed as a matter of law because Evanston had not demonstrated that it was substantially prejudiced by DiMucci's alleged non-cooperation. (Doc. 126 ("**February 6 Order**").) On

February 16, 2017, Evanston moved for reconsideration and clarification of the February 6 Order (Doc. 128 ("**Motion for Reconsideration**")), to which DiMucci responded (Doc. 129). Upon consideration, the Court finds that the Motion for Reconsideration is due to be denied.

Reconsideration under Federal Rule of Civil Procedure 59(e) is appropriate on the basis of: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) clear error or manifest injustice. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (noting that courts have generally granted such relief in those three circumstances).[1] Rule 59, however, cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Denial of a motion for reconsideration is particularly warranted when a party has failed to articulate any reason or the failure to raise the issue at an earlier stage in the litigation. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998). "The Court's reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Mannings v. Sch. Bd. of Hillsborough Cty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "[T]he decision to grant such relief is committed to the sound discretion of the district judge . . . ." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806

---

[1] Because Evanston filed its Motion for Reconsideration within twenty-eight days of the Dismissal Order Rule 59(e) controls. *See* Fed. R. Civ. P. 59(e); *see also United States v. E. Air Lines, Inc.*, 792 F.2d 1560, 1562 (11th Cir. 1986) (noting that the prior version of Rule 59(e) applies when a motion is filed within ten days of judgment).

(11th Cir. 1993).

Evanston seeks reconsideration of the February 6 Order on the basis of clear error, contending that: (1) it was based on insufficient evidence with respect to Count IX; and (2) the Court ignored record evidence in deciding Count X. (Doc. 128, pp. 2–3.) The Court disagrees. First, Evanston raises, for the first time, argument with respect to Count IX that should have been raised prior to the entry of judgment. (*See id.* at 4–6.) This is impermissible. *See Lockard*, 163 F.3d at 1267. Second, Evanston attempts to support its arguments regarding Count X with evidence that it failed to include in its summary judgment briefing. (*See* Doc. 128, pp. 6–9.) As such, the Court did not err in granting summary judgment in favor of DiMucci.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Evanston Insurance Company's Motion for Reconsideration and Clarification as to this Court's Order [Doc. 126] (Doc. 128) is **DENIED,** including relief not specifically addressed in this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 2, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record